Good morning, everyone. The panel has before it today a total of five cases. Two of them are being submitted without oral argument on the briefs today, namely, Appeal No. 06-1548, McZeel v. Sprint-Nextel, and Appeal No. 06-3420, Amend v. Merit System Protection Board. On the three-case argument list, we'll hear argument first in Appeal No. 06-1171, Hyatt v. Dudas. Mr. Whalen, welcome. Good morning. Please proceed. Thank you, Your Honor. As a housekeeping matter, there's been some papers filed by the other side. Let me interrupt to say the following. The panel has discussed the papers that have recently been filed. It's the view of the panel that there is no motion before the Court requiring the vote or decision of the panel. It is our reading of the papers that they neither ask that the portions of the brief be stricken or that the public version of the brief be made confidential, nor do we read the papers as a motion to close the courtroom. So the view of the panel is that there is nothing that needs to be decided at this time, and the panel relies on the good judgment of the solicitor with regard to propriety of pejorative comments about individual persons. Thank you for that clarification. Please proceed. If I could direct the Court's attention to the inside cover of the blue brief and to Volume I of the appendix. Volume I of the appendix, except for the first 30 or so pages which contains the district court opinion, is the specification that supposedly describes the claim on the inside cover. And it's not just that. If you looked at the appendix, if you looked at page A1403, it's up front, the specification incorporates by reference and cites to two dozen of Mr. Hyatt's other applications. If you look in the back of the specification, incorporates by reference for purposes of 112, dozens and dozens of references by reference for 112 purposes. What does that have to do with either the issue of jurisdiction or the rulings by the district court? The rulings by the district court is critical. The examiner in the board found that this claim was not sufficiently described consistent with the statute and with this Court's precedent. Looking at the specification to see whether substantial evidence supports or proving it negative shows that it wasn't so described is critical to the case. Mr. Whalen, do you consider that what is before us for adjudication is the board's decision? I would have thought that all that is before us is the partial summary judgment grant by Judge Sullivan remanding the case. Your Honor, cross motions for summary judgment were filed at the district court. We argued the board's decision was supported. They argued it wasn't. They won and we lost. The reason we lost was they said there was no crime official case, but at the end of the day, the board's decision has been vacated. The analysis is not good and it will have to be redone, not even at the board level, but back to the examiner. The problem, Mr. Whalen, is that from the point of view of our appellate jurisdiction or our mandamus jurisdiction, it would seem as though the question of whether a particular board decision supported by substantial evidence or whether the district court would benefit from a clearer explanation of what the board did is not an issue that's either within our appellate jurisdiction nor is it one that would suggest the appropriateness of mandamus. The real question here is whether there's a lurking important legal issue. You may not like the district court sending it back to the board for a fuller explanation, but that doesn't seem like a question that would be properly before us. On the other hand, if the issue is whether the board has correctly interpreted the MPEP to allow it to shift the burden to the applicant in these indefiniteness cases, that might present a legal question that we could properly consider. But the question of whether this particular board decision is supported by substantial evidence or whether the district court would benefit from clarification, in my view, is not something that can appropriately be brought before us at this point. You're right, Your Honor. I think I agree with much of what you said. This isn't a simple straight-up board decision that came to this court, although it could have. It went to the district court almost as a deviation. No extra evidence was taken. You review that de novo, and it's that decision that you review. But what you review there is a grant of summary judgment in favor of Mr. Hyatt and a denial of summary judgment against the government where the board decision is now vacated. What's the important legal question? You started talking about whether it's supported by substantial evidence. That does not seem to me to be an important legal question. There are two important legal questions. First, as I think you at least suggested in your question, the shifting of the burden of the prima facie case, whether or not an examiner looking at that specification can say, I can't find it under Alton, and then shift the burden to the applicant to say, please come forward and show me where is the specific embodiment, and not only the prima facie case interpretation, but the rule, 1.71b, which is a specific rule by the PTA, which says an examiner can request an embodiment from the applicant to help show written description. The prima facie case is a question of law. The interpretation of our reg is a question of law, which we get deference on, and the district court in both instances found that what we did, the way we did it, was inappropriate. So the only—as an officer of the court, I can't—unless that decision is reversed, I'm bound by that decision, and we have to go back, and we can't do it the same way. And with all due respect, I don't know a better way than an examiner can say, or a board can say, given this specification and given what it incorporates, that I can't find the embodiment, please help me. What is the rule of law articulated by Judge Sullivan that now binds the board and the examiner? The rule of law, if you take one step back as to what the examiner and the board did, was that they could, based on, in Ray Walton, when they found embodiments that were not present in the specification, note that, tell the applicant that, and therefore have satisfied their prima facie case, which is a question of law, and then shift the burden to the applicant to come forward and show them the embodiment. That's what the board did. That's what the examiner did. The district court said that was not proper. So if we can't follow this court's case law in Walton, as well as Rule 1.71b, as to what we do in a 112 case— I thought what Judge Sullivan essentially concluded was he couldn't tell, because of inadequate explanation, analysis, articulation, whether what the board had done was proper or not. That seems to be quite different than creating a strict rule of law and sending the case back saying, follow that new rule of law. Oh. If you step back and you're given this specification, and you put yourself in the shoes of an examiner or the board, and you can't find an equivalent— Stick with me for a minute. I'm trying to answer your question. I'm not concerned with whether what the examiner did was right or not right on the merits or in terms of the process. I'm trying to figure out exactly what is it in Judge Sullivan's ruling that you think creates new law that you're being forced to follow on the remand. I think there are two legal questions. In Ray Walton, which applied a prime official case specifically to a 112 context, which is a question of law, said, when an examiner finds embodiments in the claims that he can't find in the specification, that is sufficient to put the applicant on notice. The district court disagreed with that. And to go back and try to figure out a way for an examiner to say that a different way, we are now bound by that, not in a hypothetical, but in a number of cases that relate to this case as well as this case. The second point is 1.71b says for a claim you can require an embodiment. And again, that's what the examiner did, that's what the board did, and the district court found the request of that was not enough. This isn't an obvious miscase where we've made findings and they're wrong. This is something we can't find. We can't prove a negative. We have tried to explain why we can't prove the negative. We have asked the applicant to come forward and please tell us where it is, and he refuses. He basically says you haven't done a good enough job in the first instance. So what we're debating here is whose burden it is at this point, and that is critical to this case because I don't know how I can advise the court or the board to explain they can't find a connected embodiment when it doesn't exist. I reviewed the specification. This dates back to 1986 and may date back to 1970. It should be that hard to find. And if you look at how he tries to explain it even to this court in the alternative, he says go look at the 100 pages and find it. Go look at that one figure and find it. That's not sufficient. That's not enough to meet the 112 requirements. And if you take a step back again, the 112 requirements is his burden. If he wants these are all amended claims. If he wants priority back to the 86 date and maybe back to the 70 date, it's his burden to show how his amended claims are somehow supported, and he hasn't done that. So we didn't choose to go to the district court, but we went. When parties file prosposals for summary judgment and one side wins and one side loses, the issue is presented to this court de novo whether that decision is right or wrong. But the question is what did the district court decide? I'm having the same problem that Chief Judge Michel had. Where in the district court decision do we find a ruling by the district court that the patent office is unable to shift the burden to the applicant under these circumstances? The district court decision seems to me is not clear. There may be severe problems with it in the sense that the district court is suggesting that new evidence could be taken before the board. That's a separate problem. But I'm finding a little difficulty in seeing in the district court decision a clear statement that the board cannot follow the regulation in the respect that you say it wishes to follow the regulation. If I could direct the court's attention to A20, which is the district court opinion at 19, and this is after a lot of analysis, but the concluding sentence. Accordingly, it's about five lines up from the bottom on the right side, it appears the PTO has fallen somewhat short of its obligation to quote according to the order of state clearly and specifically its objections to patentable consent. So the district court has found that our establishment of the client facial case, which is a question of the law, is insufficient. Can't this be viewed as saying that the opinion of the board is unreviewable because it's too opaque and therefore the case is being sent back for the board to elaborate its reasoning in order that the district court, if the case were returned to the district court, could understand the reasoning and could then reach the merits and make a decision on the merits? I think if you look at the examiner's analysis, he specifically said to the applicant, according to Alton, I can't find the embodiment. Your claims are broader than you expect that I can find. Please tell him. Yeah, but that's not the question. But it is. It is the question because the board then affirmed that analysis. And I understand how you can write more findings of fact for finding of obviousness, for finding of motivation. And we're here often and sometimes criticized for not doing that. But when you can't find something, when you have a 600-word claim, a 500-word specification, and there's no way anybody looking at it can find the embodiment, to say you can't come forward and tell me where it is, what more burden can you put on the examiner or the PTO to do that, to shift the burden? And to be fair, the Primer-Fisher case is not in the statute. It is a tool. It's a tool that shifts the burden from A to B and then lets the other side come back. But the problem is that while the PTO may indeed have done what you suggest, both at the examiner level and the board level, and have rejected the application here under the burden-shifting provision of the regulations, it is possible the district court simply didn't understand that that's what the PTO was doing and that the district court is saying, I want a clear explanation of what the patent office is doing. And the district court might be satisfied if on remand the patent office said, well, what we're telling you is that under this regulation, we can shift the burden simply because we state that we're unable to find it. We've now clarified our decision. Would that be inconsistent with the district court decision? I think it would prevent review of the current board decision and the current analysis that's been applied in this case because as a result, we would have to do the analysis differently than we did here, which we believe we're entitled to. Why? Because if we go back to the district court and say the same thing that we have found, the issue of who has the burden of prime official case was briefed, what happened, who came forward. And in fact, that was the major challenge to the law. Why can't the board on the remand say, district court, we need to clarify what we've been saying, and the clarification is that under this regulation where we state that we cannot find support in the written description, we can shift the burden. And we're now helping you understand by specifying clearly that this is what our regulation provides and that's what we're relying on. But that is what the examiner already told the applicant, and that's part of the record. The examiner said, consistent with Alton, that I can't find an embodiment in the specification as you now claim it. So the burden is now shifted. I mean, how much clearer can somebody state that to the applicant when it doesn't exist? Mr. Whalen, did the board decision incorporate by reference the entire examiner answer? Yeah, and it's presumed to have done that. It did or it didn't? It is presumed to have done so unless it says otherwise, and it's by rule. And it basically summarized what the examiner did and then adopted essentially what the examiner did. The analysis was entirely consistent. Was that clear to Judge Sullivan that the examiner's articulation was as much in front of him as the board's articulation? Yes, and it was recited to both the board's reasoning, as we do, and the examiner's reasoning, as we do. And, in fact, if you look in the opinion of the district court opinion, the reason you know this is the Judge Sullivan block quotes, and if I find the page for you, page A16 of the record of the opinion, which is page 15 and 16, on the left there, the three paragraphs are from the examiner, and then on the right there, the two paragraphs are from the board. So it's clear that the parties were discussing the examiner's rejection. And, in addition, since Hyatt's main line of attack in there, we said we moved for summary judgment on 112. They said, well, we haven't shown 112 for two reasons. One was Pratt and Fisher case. Since their attack was against Pratt and Fisher case, they didn't look at the board decision as much as they went back to the examiner's initial rejection since they said that's where the critical failure was. So the examiner's analysis, as I've quoted to you, as was quoted in the board decision, was clearly what was at stake in the case. And if that's the only reason that the district court found that we erred, which we don't think we did, and it's a question of law, and we have to apply that back to the other cases, we're either going to have to do a different analysis or we're going to have to allow claims. Do you understand Judge Sullivan to have invalidated the PTO's interpretation of its own rule? Invalidated may be strong. It said we could not follow it the way we proceeded. And when we have a rule, an MPEP section, and even a board rule that says, look, to show possession, to be entitled to a patent, you have to show an embodiment, and that's the requirement the examiner placed on them. He said that's not good enough. I don't know what more he can say. The district court opinion is also internally inconsistent. If I was to read you two lines from it, it says, the prime officiate case that the PTO must show is not necessarily a high bar. It says it is not unreasonable to expect the applicant to assist the PTO by pointing out where this disclosure is. And then it kicks the case back. They've closed the case. This is not like Newman when the case has been remanded back while the case is still pending. They didn't keep jurisdiction over the case. They, meaning Judge Sullivan? The case is gone. The case is back. And it can't just go to the board. It has to go back to the examiner. Why is that? Because if the finding is that the prime officiate case was not met, which is what was really debated in the motions for summary judgment, the board can't create a prime officiate case out of it. It would go probably to the board and go back to the examiner to either buttress the prime officiate case or somehow say it differently without running afoul of the district court's opinion to the extent we understand it. But I find it difficult to understand why the district court requires this go back to the examiner. He's asked for an explanation. Why can't the board provide an explanation that this is the regulation, this is what we're relying on, and this is the way we interpret the regulation and provide that clarity that the district court apparently is looking for? The default the district court found was with the examiner, not the board decision. And that's what was briefed. That's what was in play. Their approach was to attack the first instance prime officiate case in essentially the first office action or in the answer with the examiner. That's what the focus of the opinion is about. That is what the focus of the briefs were about. That was the focus of the analysis. When a district court says that the prime officiate case was not met, just as if this court said the prime officiate case was not met, I would think in a typical case we would bring the case back and try to establish, if we could, a new prime officiate case or, if we can't, allow the case. And this type of analysis has been done not just in this case but in several cases because we believe we have met our burden, our procedural burden, our notice function. We believe we have asked them to come forward and present evidence of where the embodiment is, and they haven't sufficiently overcome it. So it's kind of like pricking a balloon or pulling out a card from a house of cards. If the foundation of our analysis is inappropriate, then it doesn't make a difference what follows. And so you really, I think, do have to go back, or at least that's how I understand it, to analyze this in a way that is still unclear to us. With respect to the representative claim issues, if I could just touch on it again, we briefed it. We followed McDaniel. It's a straight-up case. The district court said no. It didn't reach a conclusion. It said, although Mr. Hyde has to... So he doesn't compel you on the remand to consider anything more than the one claim, the one claim that the board and the examiner identified as representative. I don't think that's clear. And I think that when you brief an issue, cross-move for summary judgment on an issue like this, which is a pretty clear cut, it's not fact-dependent, he either argued the claim sufficiently or he didn't. Just like with Daniel. To have a case come back to you to do it again and simply do the same thing is not typically what you would advise your client to do. And so when this case, in some ways, has just basically taken an end run around the district court, it's basically we asked them, it was fine if he wanted to rule on the motions, but he hasn't even put the case in place so that we can now know whether we're right or wrong. I mean, as a defendant in a case, you should know whether you were right or wrong. And we briefed it, and we cross-moved, and we think the district judge basically said you're wrong and didn't give us the fairest guidance as to why. We think we're right, and this is not a hypothetical case that this will affect many cases in the future. This is going to really affect several, several cases. And it's kind of a shelving. The claims will come back. They've already been amended three or four times. They will be amended again. So if they're amended again, any analysis that somebody did the first time will change. Why do they have the right to amend them? Because the case will be remanded. The case will be remanded back, and when the case is back in prosecution, if it goes back in front of the examiner, I don't think we can stop from amending the claims. Well, why not? Wait, if it's a limited remand by the district court for a fuller explanation, why does that open it up to additional claims? I don't understand that. Well, I'm sure he will try to amend, and then we will be in a contest as to whether he can amend or can't amend. Is it your view essentially that any time prosecution is still open, or here reopened, that it's an inherent right to amend? Well, if you take a decision from this court where they said it's remanded back for whatever reason, if the party amends to resolve the case or to narrow the claim, typically that would be allowed to do it. So what case says that you have to open it up to amendments? When either the district court remands or we remand for a fuller explanation, I don't understand why that opens the case up to amendments. The case returns to prosecution. It's back in front of the agency, and if there's no restriction on whether you can amend or not, he will argue that he's free to amend. Well, he may be arguing that, but why does he have the right to do that? If it's a limited remand for purposes of a fuller explanation, why does that give him the right to amend the client? Even if he can't, I think he will try. There's no rule that says he can't. Even if he can't, this is one of several cases, same spec, and he's got opportunities in various cases to do exactly the same thing. It's as if we're talking about different cases, but they're not really different cases. This is the approach the agency has taken to try to deal with this situation. They've asked him to come forward, and he won't do it. They've selected representative claims, and now they're told that at least it's a clout on whether they can do it, and there must be a way to resolve this. These are pre-GATT cases, 10 years old. These are not published. Laws have passed to move forward. We're trying to move the cases forward. The district court has essentially sent us back to do it again, and there are several cases there, several cases here, and several cases in our agency. Is Judge Sullivan's essential holding subject to being interpreted that he felt there was inadequately specific notice to Hyatt as to what Hyatt had to do, as distinct from saying that the PTO's evidentiary basis, if you will, for its decision was inadequate as a matter of law? I don't see much of a difference, since the prior Fisher case is just almost a notice mechanism that if we told him what we wanted repeatedly, and he didn't ask, what do you mean? He just said, you haven't done it. I don't have to do that. I don't have to show you an embodiment. Whether we've given him proper notice or given enough evidence, and again, this is non-evidence, because it's evidence of something that doesn't exist, has the same effect, has the same result of having to give some sort of different explanation than the examiner gave to try to move the ball forward, to try to get, I mean, if this goes back to an examiner, he's not going to find it. So he's going to have to explain in some other word. Do you agree with the idea that if we are not persuaded that there is an important binding legal determination here that we don't have jurisdiction? Do you agree with that? No, I do not. Well, outside of there being a new rule of law announced forever to bind the patent office, then what theory would justify our assertion of jurisdiction? I don't think the Finkelstein-Travelstead line of cases requires such a finding. It requires a question of law that's important and that will govern the remand, and that's unreviewable. It doesn't say they have to prescribe some glorified statutory interpretation. And if you read this court's Travelstead opinion, just substituting the words director and secretary, what happened in this case was the district court entered a judgment reversing a decision by the director, remanded the case back for a hearing. It's a judgment. It terminated a civil action that the person was not entitled to a patent. It set aside the determination, and should, on remand, we issue the case, it will never be reviewable. That's paraphrasing this court's block quote of the Finkelstein case. But I think what Chief Judge Michel is asking is if we conclude that there's not a significant legal question presented by the district court's decision here, do we have jurisdiction? The question would be mandamus as the court. Yeah, but doesn't mandate. But it's the same problem, isn't it? That unless there is some important legal ruling that's going to have carry-forward effect, that there's no justification either on an appeal or mandamus to take jurisdiction. Yes, and we think that... So you agree with that? I agree if, as to the two choices, the appeal route and the final decision route, I think it's much more clear. We have actually consulted with the solicitor general because we had the time to do so, which I appreciate, and they agree. This was a 145 case where the core issue, this wasn't an ancillary issue in the case, but when people cross-move on an issue and the judge says we lose, there must be some way to get that decision up in front of this court so the analysis we did at some point won't be reviewable again. The difference between this case and a district court case... No, but suppose the district court had said, I'm not making any ruling on the merits. I'm not telling you how to conduct this proceeding. I just don't understand what you were saying. Please explain it better. That's not what he did. I'm understanding that that's your position, but let's hypothetically assume that that is what he did. Maintain jurisdiction? No, no, he's done exactly the same thing. He's closed the case, but he said, all I'm asking for is a better explanation. It's a complicated area. I don't think the board has been very clear. I'd like the board or the examiner to explain it to me a little bit better. That's all I'm directing. Would we have jurisdiction either on appeal or on mandamus to review that kind of decision? I think if it was a legal question... No, but that's not a legal question. Is it for him just to say, I want you to explain it better? If the rules allow for the examiner to explain it one way, and he did explain it that way, and the district court said it's not good enough, yes, I think that's a legal question. I mean, that's exactly what happens here. And with no guidance of how to say it better or worse, we understand demands for clarification. We understand the demands for further fact-finding. As in Newman, the case was ongoing, and they wanted to have a simultaneous decision. This was cross-motion for summary judgment, and we lost. And whether you say reverse or remand, it's the same result. The case comes back. A different analysis has to be done. And either the first analysis is not going to get back up because the second analysis is going to be done, or we won't be able to meet it. The case will issue, and in either case, it will not receive review again on this court. We're happy with the loss by this court. If we lose, so be it. But having somebody tell us we lose the district court and not giving us the opportunity to have that reviewed is unfair, and it's not appropriate. And to get an appeal up here and sit on the side of the table is not easy. And, you know, this was scrubbed, not that it's dispositive, but by the solicitor general, and we received approval, and they believe in this analysis. We think it's a clear-cut case, and we would urge to do it in this way as opposed to Mendemis. Mendemis creates other issues, and we think this is a much stronger case. All right, let's hear from Mr. Chambers. We'll restore your reserve rebuttal time for that. Mr. Chambers, if you need extra time under the normal principle of parity, you're entitled to it. Thank you, Your Honor. Good morning. So in listening to our colleague with Mr. Whalen, you must understand that there's some question as to how to interpret the district court decision. Help us understand what your position is as to how to interpret the district court decision. If the patent office on the remand had simply said, Okay, we've been asked for clarification. We're going to advise you that we're relying on 2163.04 and that all we need to say is we can't find it in the specification of the burden shifts, would they have been complying with the remand order by the district court? I don't believe so, Your Honor. I think the understanding of the district court opinion is at page 19 where it says it is difficult on this record to determine what the PTO meant by self-contained embodiment or whether this requirement is consistent with the case law because the phrase is not defined, nor does it appear in any of the cases. Moreover, in rejecting plaintiff's applications, the PTO at times used they, rather they, and unspecific language. Numerous other claimed embodiments were stated to similarly find no clear support in the present disclosure. Accordingly, it appears that the PTO has fallen somewhat short of its obligation to state clearly and specifically its objections to patentability. So in your view on the remand, the patent office cannot rely on this regulation and simply say we can't find it in the specification of the burden shifts to the applicant. We have a slightly different view of what that regulation means. We submit that they can rely on that regulation, but the regulation itself says that you must identify the claim limitation. Well, let's assume for the moment, okay, to make this simple, that we disagree with you, that we read the regulation as potentially applicable to this case and that it allows the patent office to say we can't find it, we shift the burden. The interconnection limitation here, we can't find it, we shift the burden. They would not be complying, in your view, with the district court remand order. Well, I don't know if I would agree with that. What the district court wants is clarity and specificity. What happened in the patent office was there was a first office action which simply said in one paragraph you've got these elements, these elements, these elements, and we can't find them. We submit that that was insufficient to shift the burden. Why? Because they didn't... You just can't say there's every element... We can't find a single element in this claim. We submit that there's some effort must be made by the examiner to find these elements and then zero in on what it says it can't find. Under Hotika... So you're viewing the district court as commanding the PTO to do that search rather than rely on burden shifting. I think so. That's the kind of clarity that they want. That's what the district court is demanding, that the PTO review the specification in itself to determine whether there's support. That's my understanding of what the regulation is. Is that your understanding of what the district court has ordered? That the PTO go back and look at these claims and with specificity say here are elements we can find and here are elements we can't find and that's the shifting of the burden. I thought they said that they couldn't find any of them. That's what they said. Let's assume for a moment that that's accurate, that they were not findable. You seem to be saying that under the proper interpretation of the rule they would have to expose their 100 elements or limitations of the claim. They would have to say as to limitation number one we look through the entire specification we can't find it. As to limitation number two we look through every page of the specification we can't find it. As to limitation number three and so on and so on and so on and only when they regurgitated that meaningless boilerplate a hundred times according to my understanding of what you say the rule commands would they have complied with the rule. Is that your view? I think that they have to. I don't think that you can say in this case that not a single element was described in the specification. The problem here is that once the original rejection was made which was very broad and very vague and didn't go to all the claims the language itself was there are numerous other claimed embodiments finding no clear claim to support whatever those may be. Mr. Hyatt responded and said you haven't met prima facie case you haven't directed me to what I have to look at to respond to this. Why not? What's insufficient? If there are a hundred limitations in the claim and the examiner tells me, the applicant I can't find any of the hundred components the hundred limitations anywhere in the specification then why am I the applicant not duly warned that I need to demonstrate as to each and everyone where it is. What's unclear about that? It's a big burden you could say it's a lot of work but where is the un-clarity in that? I think the un-clarity is that the patent office didn't make that effort in this case they didn't do that. I hear you they said everything is missing and you're saying that's too unclear putting aside burden it's just too unclear what I the applicant am supposed to do but I'm saying to you why isn't it totally clear that I have to show as to each component or each claim limitation where in the specification it is. The first limitation is found at page 55 line 6 of the specification or column 109 line 20. What's unclear about that? Well, I think Mr. Hyatt's position is expressed in the patent office is that under Auditor the whole concept of the prima facie issue is that the patent office goes first and says here specifically is what's missing. So there seems to be a central legal issue here. He argued before the patent office they couldn't shift the burden to him by saying we can't find it show us where it is and the patent office disagrees with that and as I understand what you're saying about the district court the district court has agreed with your view about what the patent office can and can't do. That's not our position I think what the district court said regardless of my view what the district court said was patent office I'm not telling you what to do I'm not giving you a rule there's nothing in here that says you have to do it this way. The question I asked you earlier was that on the remand if the patent office says we're relying on this regulation they're obligated to tell us where the support is they haven't done it that's the clarification you've been looking for you, Hyatt, lose. Your view is they can't do that under the district court order, right? I suppose the patent office could take that position and then Hyatt would have to respond in the manner Judge Michello suggested No, no, answer my question if that's what happens if that's what the patent office does on the remand are they in compliance with the order or are they not in compliance with the order? If they do what? If they say we have this regulation which allows us to say we can't find it in the specification the obligation is on the patent applicant to show us where it is, he hasn't done that here, therefore we sustain the rejection. If they did that on the remand would they be compliant with the order? I don't think they would be. Then we do have a major legal issue here which would suggest that your first argument that we lack jurisdiction is must fail. We have jurisdiction and now you're really just saying we should agree with your view on the marriage. Perfectly proper for you to say that, but I mean I think the jurisdictional issue is now gone by your own view. I don't believe so. The jurisdictional exceptions that you found that are found in Finkelstein and those cases say there's an important legal issue that in those cases are typically where a court directs a new rule contrary to the agency's regulation and then the agency has to perform a ministerial act of providing compensation to the claimant under the court's rule rather than its own and then there's an opportunity for review. There's certainly lots of distinctions you can make between the facts of this case and the facts of Finkelstein and Travistad and other cases, but at the end of the day it seems like you're saying that Judge Sullivan is ordering them to have a different interpretation of their rule, their regulation than they had before and if that's true, I don't see why that alone isn't enough to compel us to exercise jurisdiction for the reasons essentially as stated by Mr. Whelan, which I take to be that if we follow that mandate from the district judge, the issue will never be reviewable because we'll have to issue the patent and of course the commissioner can't appeal against an issued patent. But the district court did not address how the patent office should do anything on remand. The patent office... It didn't address how the patent office should do anything? I thought you just said they couldn't do what Mr. Whelan says they want to do and did do. I think that they could do that. Could do what? What the district court wanted was clarification and specificity. And I think the question is... Are you changing your answer to my question? I asked you whether the patent office would be in compliance with the remand order if they said this regulation allows us to shift the burden. We're not going to say anything more. We said we couldn't find it. They won't tell us where it is. End of case. Rejection sustained. And I think that... They can't do that, right? Under the district court order. I think under the district court order they could do that but they have to take and look at the claims. No, I don't understand. That answer makes no sense to me. It's completely inconsistent with what you said before. Here's the issue. The issue is whether when the examiner says I certify that I've looked through the hundred pages, let's say, of the specification and I can't find antecedent basis for any of the claim limitations, whether that is authoritative because he says so. As opposed to somebody else later having to agree with that. So that once he says I've looked I can't find it, therefore I'm putting the burden on the applicant, that that's authoritative under the understanding of the law as argued by the solicitor. And I think that that's what the district court is saying with the proviso that don't say numerous other claim embodiments simply find no clearance in court. Forget about that part. Let's just talk about this one claim. Let's just talk about this one claim. The examiner said I've read the claim, I've read the spec, I don't find any antecedent basis for anything. Show me where it is or you have to lose. That's my paraphrase. You don't have to accept it. The patent office is saying under the patent office interpretation of its regulation he may do so. He may do exactly what he did here. I understand your position to be no he can't do that because Judge Sullivan has held that he can't do that. Instead of taking that position he has to write a long essay of exactly where he looked and what he was looking for and why he thinks he didn't find it as to each and every claim limitation. If there are a hundred then a hundred of those. So it seems to me that what you say the rule pardon me the regulation is versus what the patent office says the regulation means are diametrically opposed and it looks like Judge Sullivan agreed with you in which case we do have a sharply posed legal issue. Who's right? Chambers and Sullivan on the one hand or Dudas and Whelan on the other hand and it seems like we're the right tribunal to decide that question. Where's that wrong? Well again I just come back to the district court was not creating a new test. It was saying patent office apply your test. Well he didn't say he was creating a new test but when he says according to you that they can't do it the way they did it before in effect he's saying that they can't simply assert that they looked and couldn't find it. They have to do a extensive detailed limitation by limitation page by page analysis to show that for limitation one we looked on page one, we looked on page two, we looked on page three etc. We didn't find it and then the same as the limitation two, same as the limitation three rather than what they did do which is simply say we read the claim, the representative claim, we read the rest of the specification, we can't find antecedent support, burden now yours. That's what they did and it seems to me clear that what you're saying maybe it's right, I don't know and what Sullivan is saying is they can't do that. But that's exactly what their rule says they can do as they interpret it. So somebody's right, somebody's wrong and I don't see where you have a better arbiter of who's right than this panel and yet you're saying no jurisdiction, I can't follow. Again, I think it's a matter of degree because you're not saying go every page every line but what Judge Sullivan is saying is that you have to make some effort to be more specific. I can understand that. Let me ask you about some other aspects of this as to what Judge Sullivan's order requires. Does he forbid them from relying on the single representative claim that they've relied on? I think that's a little unclear. I think that what he did rule was that I have preserved his right to rely on other claims. So they have to consider the other claims on the remand? Yes. Does he compel the patent office to accept new evidence on the remand? He doesn't speak to that. He doesn't speak to that. I thought there was language in there where he said they did have to receive new evidence. I don't recall that. Well. And the third question I have is under Judge Sullivan's order, do they have to allow amendment to the application on the remand? I don't recall that being part of his order. So that's not they're not directed to do that? That's my understanding. So the two issues here would seem to be, he's told them to give a fuller explanation of where in the specification these limitations can be found. That's one. And two, in your view, he's told them that they can't rely on the single representative claim. Right? Correct. Okay. If I to be correct, I don't think there was a ruling on the representative claim issue. So on the remand, would they be free to say, we're not going to look at these other claims, we're only going to look at the single representative claim? On remand, I think the burden would be on Mr. Hyatt to say here are the claims we're proposing, and here are the reasons No, you're not answering my question. On the original proceeding, the examiner and the board said you're stuck with a single representative claim. Does Judge Sullivan's order require that on the remand, the patent office consider all the claims? Or can they continue to confine themselves to the single representative claim? I don't think he's ruled on that. So they could do that under the order? I don't think he's ruled on that. Can they do that under the order? Can they, on the remand, confine themselves to the single representative claim? I suppose they could. Okay. Anything further, Mr. Chambers? My red light's on. Alright, thank you. Mr. Whelan, three minutes. Thank you, Your Honor. I'll be brief. As to the representative claim question, if I direct the Court's attention to page 28, which is page 27 of the District Court opinion, this is right before the conclusion, two sentences up. It says on the remand, the PTO should clearly articulate these perceived deficiencies in plaintiff's claims, plural, and plaintiffs should take every opportunity to provide evidence and argument to rebut those objections. So given his no doubt that Mr. Hyde would try to argue the claim separately down below, as to... Let me interrupt you here. I'm focusing on the fifth line down in that paragraph for the heading conclusion that refers to plaintiff's claims. Claims, plural. I'm sorry, I'm going too fast. So that would suggest that Judge Sullivan contemplates all the claims being reviewed in this fashion. Yes. I'm sorry, I went quicker than I should, and if you keep going, it suggests that he can introduce new evidence and new arguments as to those claims. So the phrase take every opportunity to provide evidence, you're saying that necessarily means new evidence beyond whatever was in there before. I'm confident that Mr. Hyde would rely on that if he tries to put it... We don't have to speculate on what he may or may not do in the future. We can simply interpret the language used by the district judge in the context. So when he talks about provide evidence, he has to mean provide evidence not previously provided, because he's talking about what's going to happen moving forward. But that is our frustration with dealing with the remand, because as I think you just saw in the colloquy, it's either they can, we have to do something different, as opposing counsel suggested. He's preserved his right to argue the claims differently. Here he'll argue he's preserved his right to put new evidence in, and I don't know how that's any different than a new case going back. The court directed a question to me on whether or not the board had adopted the findings, and I suggested the rule that they typically do unless they say otherwise. It's even clearer than that. If the court looks at this is volume 3, the board decision, which is volume 3 A 12 694, the board block quotes on the left side of the page, right from the examiner. The same language that I was discussing about how they can't find the embodiment, how provide linkage, and then the board goes on to say there's clearly the examiner has clearly come forward and met his primary patient case. So not only did he incorporate it, he block quoted it. And lastly, the Alton case, they rely on Oedeker. Alton was a substantive case. It was on 112, and it states if the applicant claims embodiments that he mentioned that are completely outside the scope of the specification, then the examiner or board need only establish this fact to make a primary patient case. I quote from the examiner, which is adopted by the board.  the claims now present embodiments or combinations of claimed elements not disclosed in the question that we're dealing with has never been addressed by this court so far as I can tell. That is whether the board examiner can shift the burden to the applicant by saying we can't find it in the specification, please show us where it is. Well, I think Alton comes pretty close to saying that. It says before it gets to that point, which is a pretty clear-cut case, it says it varies the burden. The primary patient case varies depending on case by case. It then says the quote I said, that when it's completely outside the bounds, that's sufficient. And then it goes on to say, on the other hand, if it contains, it's a much closer case. It doesn't discuss this regulation we're dealing with here. It does not. But the legal rule is consistent with the regulation as the MTP site. And the final point I'd like to make is that you know, this was sufficient in this case or this type of case where you have such breadth of a spec such breadth of a claim where the words may be there, but there was no embodiment. And the key was where is there one figure and as we've shown, the figures that they've shown are not sufficient. And so this case for this type of case, I mean this is a fairly unique case although it's multiple times, you know usually what happens in an amended claim is you add one element and you have to go find that one element and you're talking about that one element. This is a lot different. And so I think for this type of case on these facts, since it's a sliding scale, since the worse it is the worse the written description problem is, the easier it is for the examiner to meet the standard. Whereas when it's a very close one element issue, he has to be much more clear. And I think we, you have not seen this type of a statement in a typical case because usually you can find several of the embodiments here. The last point is the Supreme Court has explained the jurisdiction even if in question I think it's not in question given my opponent's concessions. The court should look at it case by case basis and should take a case if it's conclusive. Alright, I think we have both sides' positions well in mind. We thank both counsel.